**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank O. BECKER, Defendant–Appellant.**

**No. 94–1182.**

United States Court of Appeals,
Seventh Circuit.

Argued July 7, 1994.

Decided Sept. 29, 1994.

Barry Rand Elden, Asst. U.S. Atty., Joseph Heyd, (argued), Crim. Receiving, Appellate Div., Chicago, IL, for U.S.

Darrell McGowen (argued), Northbrook, IL, for defendant-appellant.

Before CUDAHY, FLAUM and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

The defendant, Frank Becker, appeals the district court's denial of his motion to correct a claimed clerical error in his prison sentence. Becker complains that the court's written commitment order is inconsistent with its original sentence, which he argues is significantly shorter in duration. We affirm.

## I. Background

Becker is serving seventy-two months in prison after being convicted of attempting to evade income taxes and failing to file his tax returns. 26 U.S.C. §§ 7201 & 7203. In his earlier direct appeal Becker argued that his conviction for failing to file a tax return is a lesser included offense subsumed by the convictions for tax evasion, and thus his serving consecutive sentences on both convictions violated double jeopardy. In 1992 we rejected this argument and affirmed Becker's conviction and sentence. *See United States v. Becker*, 965 F.2d 383 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1411, 122 L.Ed.2d 783 (1993).[1] Becker then filed what he titled "Motion to Correct Clerical Mistakes and a Motion to Reduce Sentence" asserting that the sentence pronounced from the bench (which he calculated as forty-eight months) controls over the seventy-two month sentence contained in the court's later-written commitment order. In response to Becker's motion the district court issued a minute-order restating Becker's sentence as seventy-two months. Additionally, the court revised the wording of its written commitment order in an effort to explain how the sentencing term was originally computed at the hearing. Here, Becker challenges the district court's

minute-order arguing that it is still at odds with the court's initial oral sentence as pronounced at the hearing.

## II. Analysis

Although not entirely explicit, we understand Becker's motion to have sought a clerical-type correction, in the wording of the district court's commitment order, as allowed pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The government argues that Becker waived his opportunity to make this correction. Generally, a defendant challenging a ruling by the district court must raise his claim at the "earliest feasible opportunity," or risk waiving any later occasion to protest. *Dugan v. United States*, 18 F.3d 460, 464 (7th Cir.1994). The defendant has only seven days, in most instances, to request a correction. *See* Fed.R.Crim.P. 35(c) ("The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."). Having waited so long to raise his challenge, Becker may have realized that he has waived much of his opportunity for having his sentence reviewed, and thus, he is attempting to squeeze his alleged mistake into a call for the limited correction of a clerical-type error pursuant to Fed.R.Crim.P. 36. The text of Rule 36 provides the following:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Since Rule 36 allows a defendant to raise clerical mistakes "at any time," Becker argued to the district court (and here again on appeal) that review of his sentence remains open, notwithstanding the lateness of his protest. To the extent that Becker is attempting to argue that the court's written commit-

---

**1.** Relying on our 1992 holding the government may have been able to assert the "law of the case" as a definitive answer to Becker's motion here. We may not consider, however, a matter which could have been raised at the trial court

but was not. *McKnight v. General Motors Corp.*, 908 F.2d 104, 107 (7th Cir.1990). Such rules, of course, apply to the government as well as to the defendant. *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir.1990).

ment order contains a clerical-type mistake, oversight, or omission from the original oral sentence, we review his appeal and determine that his motion was properly denied—here Rule 36 is not available to correct his sentence as he has failed to show evidence of a clerical error.[2]

■ Becker believes that his commitment order must be rewritten to reflect, as he believes, the original term of his sentence as pronounced from the bench. The alleged *clerical* discrepancy between the sentence and the later-written commitment order concerns which terms of incarceration are to be served concurrently and which consecutively. Specifically, Becker argues that the following excerpt from the transcript of the sentencing hearing shows that the court pronounced one year concurrent sentences with respect to Counts 2, 4, 6, 8, and 10: "It is the judgment of this Court that he receive on Counts 2, 4, 6, 8 and 10 a sentence of one year." We note, however, that the following text of the commitment order required one consecutive year for each of Counts 2 and 4, concurrent to one consecutive year for each of Counts 6, 8, and 10: "TWELVE (12) MONTHS on each counts 2, 4, 6, 8, 10; custody on counts 6, 8, 10 to be served concurrently with each other but consecutive to counts 2 and 4 . . . ." In response to Becker's claim of an alleged inconsistency, (created by, as he argues, a clerical error of adding of the word *consecutive* in the commitment order), the court issued the following explanation:

It was the intent of the Court to impose six years in custody and it was also the statement imposing the sentence. The written order of judgment and commitment is in error, . . . it will be corrected to show that Counts 2, 4, 6, 8, and 10 are to run consecutive to Count 11 and to show that the sentences on Counts 6, 8, and 10 are to run

consecutively to each other and concurrently to the sentences on Counts 2 and 4. *See* Minute Order of January 11, 1994. Becker still contends that the commitment order is inconsistent with the court's pronounced sentence.

■ If an inconsistency exists between an oral and the later written sentence, the sentence pronounced from the bench controls. *United States v. Daddino,* 5 F.3d 262, 266 (7th Cir.1993); *see also United States v. Roberts,* 933 F.2d 517, 519 n. 1 (7th Cir.1991) (holding that the sentence orally pronounced is the defendant's legal punishment). As already noted, Rule 36 allows the district court to correct an error if it is a clerical mistake in a judgment. Fed.R.Crim.P. 36. Becker contends that his alleged inconsistency qualifies as a clerical error for immediate correction. We disagree. After due consideration we conclude that there is no inconsistency between the bench sentence and the commitment order, and thus, the inclusion of the word "consecutive" in the later order was deliberate; not the result of a clerical error.

We understand how on the surface there might appear to be a difference between the pronounced and written sentencing orders—if we are to read the excerpts cited by the defendant in isolation. We believe, however, that when the sentencing transcript is read in the whole, its meaning becomes clear and consistent with the court's later-written commitment order:

THE COURT: It is the judgment of this Court that [Becker] receive on Counts 2, 4, 6, 8 and 10 a sentence of one year. The sentences on Count 6, 8, and 10 are to run concurrent with the counts on 2 and 4. All of those counts are:

DEFENSE COUNSEL: You mean 11 and 12, Your Honor?

---

**2.** Criminal Rule 36 allows a court to correct "clerical errors." If a defendant is in fact arguing that his problem lies in the translation from the district court's original sentence to the formal written commitment order, then Rule 36 applies; but if the defendant is raising a problem that is substantive in nature, even if it is mechanical or computational—then Rule 35 governs. *United States v. Griffin,* 782 F.2d 1393 (7th Cir. 1986). Maintaining the line between translation problems and technical error is important in

light of the short time limit in Fed.R.Crim.P. 35(c). The 7-day limit complements the system of determinate sentencing ushered in by the Sentencing Reform Act of 1984. It would as a practical matter become meaningless if we were willing to turn every technical problem into a "clerical" one within the scope of Rule 36. Becker's claim clearly fails to meet the structures of Rule 36. We assume Becker never raised his claim under the broader Rule 35 because he is time barred.

THE COURT: No, 2 and 4. All of those counts are to run consecutive to Count 11.

■ The above dialogue demonstrates that the court ordered the defendant to serve one-year sentences on counts 6, 8, and 10, and ordered that sentence to run concurrent with the sentences on counts 2 and 4. Becker disputes, however, that the court imposed consecutive one-year sentences on each of the counts 2, 4, 6, 8 and 10. While the sentencing order given from the bench stated that Becker was to "receive on Counts 2, 4, 6, 8, and 10 a sentence of one year," Becker wishes to interpret this to mean that the court imposed no more than 12 months collectively. Then by adding this 12 months to the 36 months on the other counts not here disputed, Becker concludes that the sentence the court imposed was forty-eight months (rather than the seventy-two months recorded in the court's confinement order). Becker's sole support of his clerical-error position is the appearance of the word *consecutive* in the commitment order, (notably absent in that portion of the bench order as recorded in the transcript), and that generally, in the absence of clear language to the contrary, sentences imposed on more than one offense at the same time are presumed to run concurrently. *See e.g., United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992).

■ When interpreting a sentencing order, if the hearing transcript is unambiguous we need not resort to extrinsic evidence such as the written sentencing order, the defendant's understanding of the sentence or the judge's intent. *See United States v. Villano*, 816 F.2d 1448, 1453 (10th Cir.1987); *see also Daddino*, 5 F.3d at 266; *Roberts*, 933 F.2d at 519 n. 1; *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir.1990); *United States v. Pugliese*, 860 F.2d 25, 30 (2d Cir.1988), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1344, 103 L.Ed.2d 813 (1989); *United States v. McAfee*, 832 F.2d 944, 945–46 (5th Cir.1987); *United States v. Gibas*, 328 F.2d 833, 834 (7th Cir. 1964). The ultimate difficulty with Becker's analysis is that it fails to note the unambiguous language following the sentencing court's initial pronouncement—"The sentences on Counts 6, 8, and 10 are to run concurrent with the counts on 2 and 4." We believe that by specifying that only certain of these counts (6, 8, and 10) would run concurrent with the other counts (2 and 4), the court necessarily imposed consecutive one-year sentences on each of the five counts (2, 4, 6, 8 and 10). To interpret all five counts as concurrent would render meaningless the court's delineation of counts 6, 8 and 10 as concurrent with counts 2 and 4. Had the court wanted each one-year sentence imposed on all five counts to run concurrently there would have been no need to further group counts 6, 8 and 10, with 2 and 4, as concurrent to each other.

While the trial court may have stated the original prison sentence more directly, we conclude that the trial court imposed a consecutive three-year sentence on Counts 2, 4, 6, 8, and 10 by running the one-year sentences imposed on the first two counts concurrent with the one-year sentences imposed on the last three. Adding all this to the thirty-six months imposed on the other counts not in dispute, the total is seventy-two months of imprisonment, the same as is recorded on the written commitment order. No clerical error exists; the word "*consecutive*", as used in the commitment order, was not inadvertently inserted by a clerical oversight. Finally, Becker raises a number of constitutional challenges to the district court's decision to revise its commitment order; however, as the sentence pronounced from the bench is consistent with the court's later written commitment order, we need not address Becker's other complaints.

AFFIRMED.