81 F.3d 164
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael WILLIAMS, Defendant-Appellant.
 No. 94-2483.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1996.*
Decided March 27, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This appeal concerns the validity of a restitution order imposed pursuant to the Victim and Witness Protection Act of 1982, codified at 18 U.S.C. §§ 3663-3664. In 1988 Michael Williams was arrested and charged with numerous counts of fraud. Pursuant to a search warrant, the FBI seized various property from his Colorado residence, including sixty-one gold coins and a quantity of United States and Canadian currency. The grand jury's 18-count indictment alleged that he had operated a scheme through which he had ordered and resold computer paper without paying or intending to pay his suppliers, defrauding his victims of over $200,000.
 
 
 2
 Williams pleaded guilty to one count of mail fraud and one count of wire fraud. The district court sentenced him to consecutive terms of two years imprisonment and five years probation. As part of the conditions of probation, the court ordered Williams to pay restitution. With regard to the gold coins and currency, the court specifically "authorize[d] that all property being held by the FBI can be and should be used as partial restitution." (Sent.Tr. at 94.) In its written judgment, the court enjoined Williams to "make restitution to the proper parties in the 'best efforts basis' ... under the direction of the probation department," but made no mention of the property held by the FBI. (Judgment, Dec. 23, 1988.)
 
 
 3
 Williams acknowledged his obligation to pay restitution during the presentence investigation, before the sentencing court, in a letter to the district court several months after sentencing, and again in a motion to modify his probation in 1991. By 1994, however, he had paid nothing, and the government motioned the court to authorize selling the gold coins and converting the Canadian currency still in the FBI's custody,[1] then disbursing the proceeds pro rata to Williams's victims. Williams opposed the motion, claiming that the court's original restitution order violated due process. He also argued that the coins and currency were seized illegally and should be returned to him pursuant to Federal Rule of Criminal Procedure 41(e).[2] The district court rejected his arguments and orally granted the government's motion. Williams appeals.
 
 
 4
 The Victim and Witness Protection Act provides: "The court, when sentencing a defendant convicted of an offense under [title 18] ... may order, in addition to ... any other penalty authorized by law, that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1). Although he did not object at sentencing and did not take a direct appeal, Williams now faults the district court's restitution order for failing to specify the total amount and a payment schedule. He also claims that the district court impermissibly delegated too much discretion to the probation department and that the restitution order must be vacated.
 
 
 5
 This court has "consistently held that when a sentencing court inappropriately delegates to the probation department its authority to establish a payment schedule for restitution, the order must be vacated," United States v. Reynolds, 64 F.3d 292 (7th Cir.1995) (internal quotation marks omitted), cert. denied, 116 S.Ct. 969 (1996). We first address, however, the narrow question of the proper disposition of the gold coins and currency. Because the court directly addressed their use as partial restitution at the time of sentencing, without objection from the defendant, Williams has no grounds to claim that their liquidation results from an improper delegation of authority in violation of due process.
 
 
 6
 At sentencing, the market value of the gold coins was $25,272 and the currency was worth $2655. (Sent.Tr. at 38.) The prosecutor stated that canceled checks showed that the coins had been purchased with the proceeds of Williams's computer paper operation. The court was unequivocal as to what was to be done with the seized property: "I will authorize that all property being held--all of the defendant's property being held by the FBI can be and should be used as partial restitution." (Id. at 94.) Williams does not claim that the value of the coins and currency exceeded the amount of the loss caused by his fraudulent scheme.[3] He has also failed to contest the total loss figure stated in the government's Victim Impact Statement, attached to his presentence report, which spelled out the exact amounts he obtained from each victim.
 
 
 7
 Given that the loss exceeded $200,000, it is clear that the court's order to use the seized property worth approximately $27,927 for partial restitution was neither vague nor excessive and involved no delegation of authority. There is no indication that the court failed to consider the mandatory factors governing an order of restitution as set forth in 18 U.S.C. § 3664. The court's omission in its written judgment that the property held by the FBI was to be used as partial restitution is irrelevant because, as the court below noted, "if the oral and written sentences conflict, the oral language governs," United States v. Makres, 851 F.2d 1016, 1019 (7th Cir.1988), if, as is true here, the oral language is unambiguous. United States v. Daddino, 5 F.3d 262, 266 & n. 5 (7th Cir.1993) (citing cases); see also United States v. Becker, 36 F.3d 708, 710 (7th Cir.1994). Finally, the government's delay in implementing the district court's order has not undermined the reasonableness of the order or prejudiced the defendant.
 
 
 8
 Williams's challenges to the balance of the restitution order are moot because the order expired along with his probation during the pendency of this appeal. Although it is true that a court's failure to specify a time frame within which restitution must be made renders the obligation to pay, like any ordinary debt, unlimited in time, see United States v. House, 808 F.2d 508, 511 (7th Cir.1986) (construing 18 U.S.C. § 3579(f), since renumbered to 18 U.S.C. § 3663(f)),[4] in this case the court clearly contemplated that payment of restitution would be a "condition of probation" and thus coterminous with the probation itself.[5] When a district court does specify a term of repayment, it must comply with the time limits established by 18 U.S.C. § 3663(f). Id.; see also United States v. Ahmad, 2 F.3d 245, 249 (7th Cir.1993). Because the duration of the district court's restitution order did not extend beyond "the end of the period of probation," it was proper under section 3663(f)(2)(A).
 
 
 9
 Williams's remaining contentions have either been forfeited or are meritless and need not be addressed. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Of the sixty-one coins seized, two belonged to Williams's wife and were returned to her, leaving fifty-nine coins available for partial restitution
 
 
 [2]
 On appeal, Williams has not pursued his cursory allegation that the seizure was illegal
 
 
 [3]
 It is well established in this circuit that "[t]he district court [has] the authority to order restitution for the losses caused by the entire fraud, not just the specific acts of fraud to which the defendants pled guilty." United States v. Brothers, 955 F.2d 493, 497 (7th Cir.), cert. denied, 506 U.S. 847 (1992)
 
 
 [4]
 Williams cites United States v. Fountain, 768 F.2d 790 (7th Cir.1985), cert. denied, 475 U.S. 1124 (1986), for the proposition that the court must specify a term of repayment. As we explained in House, 808 F.2d at 511, this implication was dicta; the time limit applies only if the court opts to impose a payment schedule, which it need not do at all
 
 
 [5]
 The judgment provided in relevant part:
 On Count 17 on the indictment the imposition of sentence is hereby suspended and the defendant placed on probation for a period of FIVE (5) YEARS on condition that he comply with the general conditions of probation. Further conditions of probation include: defendant is directed to either undergo or continue with psychiatric care during probation and make restitution to the proper parties in the "best efforts basis" all under the direction of the probation department.