165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lynn JONES, Defendant-Appellant.
 No. 98-1126.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1998*.
Decided Dec. 7, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 91-40024. Joe Billy McDade, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Robert Lynn Jones was sentenced in January 1994 to 240 months' imprisonment and a $25,000 fine for drug and money-laundering offenses. See United States v. Adames, 56 F.3d 737 (7th Cir.1995) (affirming the conviction and sentence). The judge provided that the proceeds of a forfeiture would be applied toward the fine; the judgment describes the credit as "proceeds realized". Almost four years later, Jones asked the judge to correct the sentence so that he would receive credit for the appraised value of the assets rather than the amount realized on sale. The district judge denied the motion, and Jones has appealed.
 
 
 2
 Jones did not specify the source of authority for a district judge to alter a sentence so long after its imposition. One might think that claims of the sort Jones now makes--that the written sentence did not implement the judge's oral pronouncement--come within Fed.R.Crim.P. 35(c), which permits a judge to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." See United States v. Garcia, 37 F.3d 1359 (9th Cir.1994). Rule 35(c) imposes a 7-day deadline in order to facilitate the determinate-sentencing approach of the Sentencing Reform Act. Jones asked for relief because, after the appeal, the net proceeds of the sale fell short of the assets' appraised value. Doubtless Jones would think the judgment just fine had the sale produced a bid exceeding the appraised value. Rule 35(c) is designed to prevent such post-judgment events from being used to revise a sentence.
 
 
 3
 The other potential source of authority is Fed.R.Crim.P. 36, which permits a court to correct at any time "[c]lerical mistakes in judgments, orders or other parts of the record". We held in United States v. Becker, 36 F.3d 708 (7th Cir.1994), that in order to prevent Rule 36 from eviscerating the deadline in Rule 35(c), the category of "clerical" mistakes must be limited to scrivener's errors. It is possible to imagine a purely transcription error when a written sentence departs from an oral one, but that is not the claim Jones is making.
 
 
 4
 If Judge McDade had stated orally at sentencing that Jones was to receive credit for the "appraised value" of the property to be forfeited, then the written sentence's use of "proceeds realized" could be called a clerical error. But that is not what happened. The oral description of the sentence did not use phrases such as "appraised value" or "asset value." Instead the judge referred to "proceeds" as the amount to be credited. The judge did not make it clear whether net proceeds or gross proceeds would be used; the written sentence uses the net approach ("proceeds realized"). If this was error, it could have been corrected by the district judge within 7 days or been presented on appeal; it certainly was not a "clerical" error in the sense Becker gave to that term. Most likely the written judgment just cleared up an ambiguity in the oral sentence, an entirely proper thing to do. United States v. Daddino, 5 F.3d 262, 266 (7th Cir.1993). The district judge therefore properly declined to afford any relief under Rule 36.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)