Israel RAMOS, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 98–1705.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 2000.

Decided Feb. 16, 2001.

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

### ORDER

In 1993, Israel Ramos pled guilty to marijuana charges, *see* 21 U.S.C. § 846, and, after we remanded for resentencing, the district court orally pronounced a revised sentence of "80 months custody." The Judgment and Commitment Order (J&C), however, stated the prison term to be "5 years." Several months later, while Ramos's appeal from his resentencing was pending, the district court entered a minute order conforming the J&C to the oral pronouncement of sentence. While in prison serving the remainder of his 80–month term. Ramos filed a petition for writ of habeas corpus alleging that his appeal from the resentencing divested the district court of jurisdiction to "amend" the J&C, and that, in any event, the district court's minute order violated due process. The district court denied relief and we affirm.

### I.

After Ramos pled guilty, the district court initially sentenced him to 92 months in prison, four years of supervised release, and a $100,000 fine. Ramos appealed, solely on the ground that the district court erred in reducing his offense level by only two, rather than three, levels for acceptance of responsibility. We remanded to allow the district court to consider whether he deserved the further reduction. *See United States v. Connal,* 30 F.3d 136, 1994 WL 387926 (7th Cir. July 26, 1994) (unpublished order).

At Ramos's resentencing on September 15, 1995, the district court granted the additional one-level reduction for acceptance of responsibility and imposed "a sentence of 80 months custody" followed by five years of supervised release. The J&C, however, incorrectly recorded Ramos's prison term as "5 years." The district court subsequently discovered the error in the J&C, although not until after Ramos had filed a timely notice of appeal from his resentencing. On May 16, 1996, the district court issued a minute order stating that Ramos was "to serve Eighty (80) Months custody" with all other aspects of the J&C to stand. The clerk of the court apparently mailed the minute

order to the parties, and the United States Probation Office received a copy. For reasons unknown, however, the Bureau of Prisons was not informed of the correction and, as a result, released Ramos from custody on June 15, 1997 after he had served five years less good time. In the meantime. Ramos had voluntarily dismissed his appeal of his resentencing, citing his lack of funds to pay for a lawyer, the approaching end of his prison term, and his desire "to get on with his life."

After learning of Ramos's release, the district court in September 1997 ordered the United States Marshal to take Ramos back into custody to serve the remainder of his sentence. Ramos voluntarily surrendered three days later. He has now completed the entire 80–month prison term and is serving his term of supervised release.

In November 1997, after his return to prison, Ramos filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the district court correctly construed as a motion under 28 U.S.C. § 2255. The district court denied relief and Ramos appealed. We granted a certificate of appealability on the sole issue of whether the district court's May 1996 minute order violated due process, and found that, despite Ramos's release from prison, his appeal was not moot because he is serving his term of supervised release and was thus "in custody" within the meaning of § 2255. *See Kusay v. United States,* 62 F.3d 192, 193 (7th Cir.1995).

## II.

■ Although filing a notice of appeal generally divests the district court of jurisdiction to adjudicate aspects of the case involved in the appeal, *see Kusay,* 62 F.3d at 193, an exception to this principle is Rule 36 of the Federal Rules of Criminal Procedure, which permits the district court

to correct "clerical mistakes in judgments ... at any time" even if jurisdiction has shifted to the court of appeals, *see United States v. McGee,* 981 F.2d 271, 273 (7th Cir.1992), *abrogated on other grounds, Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000); *United States v. Queen,* 847 F.2d 346, 350 (7th Cir.1988). Under Rule 36, the district court may still correct clerical or transcriptional errors, like in this case, where a written sentence departs from an oral one. *See United States v. Becker,* 36 F.3d 708, 710 (7th Cir.1994). Where an inconsistency between the sentencing transcript and the J&C exists, the unambiguous sentence pronounced from the bench controls. *See id.* at 711; *United States v. Daddino,* 5 F.3d 262, 266 (7th Cir.1993). We review *de novo* whether a clerical error within the scope of Rule 36 occurred. *See United States v. Bonanno,* 146 F.3d 502, 511 (7th Cir.1998).

■ In this case, the sentence pronounced from the bench at the September 1995 hearing was unambiguous: the sentencing transcript reflects the district court's order that Ramos was to serve 80 months in prison and five years of supervised release. The prison term stated in the J&C was merely a clerical error by the court clerk. Therefore, under Rule 36, the oral pronouncement is binding, and the district court, by issuing the May 1996 minute order, properly corrected the clerical error and conformed the J&C to the oral commitment order. *See Bonanno,* 146 F.3d at 511–12. Moreover, Ramos's notice of appeal did not preclude the district court from correcting the error. *See McGee,* 981 F.2d at 273; *Queen,* 847 F.2d at 350. Having been present with counsel at the September 1995 resentencing, Ramos could not have harbored a legitimate expectation that his term of imprisonment was anything less than 80 months.

In addition, the district court docket indicates that the court clerk mailed the May 1996 minute order to the parties, and, in the absence of evidence in the record that the order was returned undelivered, Ramos's counsel are presumed to have received it. *See, e.g., In re Longardner & Assocs., Inc.,* 855 F.2d 455, 459–60 (7th Cir.1988). Thus, Ramos cannot now assert an alleged failure to receive the order as an explanation for dismissing his appeal or not filing a second notice of appeal after the entry of the May 1996 minute order, *cf. United States v. Green,* 89 F.3d 657, 660–61 (9th Cir.1996) (clerk's actual failure to mail notice to counsel did not toll time to file notice of appeal). Furthermore, Ramos's appeal of his 80–month prison sentence would likely have been frivolous because the district court granted the relief he sought in his 1993 appeal–the additional one-level reduction for acceptance of responsibility–and he waived all other grounds by not raising them in the first instance, *see United States v. Jackson,* 186 F.3d 836, 838 (7th Cir.1999).

Finally, contrary to Ramos's argument, the district court's May 1996 minute order merely corrected a clerical error and conformed the J&C to the orally pronounced sentence, and thus was not a "critical stage" of Ramos's criminal proceedings during which his presence was required. *See United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996). Therefore, because the May 1996 minute order merely conformed the J&C to the district court's order of 80 months' imprisonment pronounced at the 1995 resentencing, the minute order was proper under Rule 36 and did not violate Ramos's due process rights.

The judgment of the district court is AFFIRMED.