**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armelio DELACRUZ, Defendant–Appellant.**

No. 04–1166.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 31, 2004.*

Decided Sept. 1, 2004.

Rehearing Denied Sept. 27, 2004.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Armelio Dela Cruz, Federal Correctional Institution, Yazoo City, MS, pro se.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

### Order

In March 2000 Armelio Delacruz was sentenced to 188 months' imprisonment following his plea of guilty to a drug conspiracy. See 21 U.S.C. §§ 841(a)(1), 846. The written judgment also required Delacruz to pay $6,400 in restitution; a special condition of supervised release, which is to last for four years after release from im-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

prisonment, requires Delacruz to pay at least $125 monthly toward the restitution. He did not appeal.

Three years after his sentencing—well after the year allowed by 28 U.S.C. § 2255 ¶ 6 for collateral review—Delacruz asked the district court for a lighter sentence. Many of Delacruz's papers bear irregular titles, so it is difficult to know how many of them should be treated as distinct motions. Classification does not matter, however, for the relief he seeks is clear. First, he wants his term of imprisonment reduced; second, he wants the Bureau of Prisons to stop deducting money from his trust account and applying the funds toward restitution.

■ According to Delacruz, his sentence is too high because he should not have been treated as a career offender. But under the Sentencing Reform Act of 1984 and Fed.R.Crim.P. 35 district judges lack authority to reduce sentences more than seven days after their imposition, unless the prosecutor seeks the reduction to reward substantial assistance by the defendant. Unconstitutional sentences may be corrected on collateral review commenced within a year, but Delacruz waited too long—and in any event an error in applying the Sentencing Guidelines normally does not warrant collateral relief. See *Scott v. United States*, 997 F.2d 340 (7th Cir.1993). Delacruz contends that re-sentencing is proper under 18 U.S.C. § 3582(a), but that provision deals with the imposition of sentence rather than its modification years later. Although § 3582(c)(2) permits resentencing if the Sentencing Commission changes the rules *and* makes that change retroactive, there has been no change material to Delacruz's situation. The district court therefore correctly concluded that it lacked authority to entertain Delacruz's request for shorter imprisonment.

■ As for the collection of money under the Inmate Financial Responsibility Program: there is no ground of complaint if the sentence really includes an award of "restitution," for restitution is payable immediately unless the judge orders deferral, which was not done here. (A condition of supervised release is a collection mechanism, not permission to pay nothing toward restitution for the first 188 months.) But the district judge saw a problem: the $6,400 represents money that agents used to buy drugs from Delacruz. Recovery of "buy money" is a proper condition of supervised release but not a justification for restitution. See *United States v. Brooks*, 114 F.3d 106, 108 (7th Cir.1997); *United States v. Daddato*, 996 F.2d 903 (7th Cir. 1993). Delacruz's failure to appeal or seek an immediate change under Rule 35(a) means that it is too late to correct any substantive error in the sentence, but the possibility remains that the judgment did not reflect the district judge's actual sentencing plan. Then correction would be possible under Fed.R.Crim.P. 36, which permits clerical errors to be fixed at any time. Failure by the district clerk to produce a judgment matching the judge's actual sentence, as pronounced in open court, is the sort of mistake that Rule 36 permits a judge to clean up. See *United States v. Becker*, 36 F.3d 708, 710 & n. 2 (7th Cir. 1994); see also *Romandine v. United States*, 206 F.3d 731, 737 (7th Cir.2000).

While denying Delacruz's motion, the district judge nonetheless wrote that he had "intended" the $6,400 to be paid only during the term of supervised release, and he called on the Bureau of Prisons to honor that "intent." This does not quite match Rule 36: intent is subjective, while the Rule authorizes the revision of a written judgment to match what was (objectively) done in open court. Instead of recalling his thoughts at the time (perhaps

inaccurately, years after the events), the district judge should have consulted the transcript of sentencing to determine whether the judgment accurately records the court's decision. If it does, then the judgment must be left as is, for the time to correct substantive errors has run; if it does not, then the judgment must be corrected under Rule 36. And *if* it should be corrected to show a condition of release rather than award of restitution, then the Bureau of Prisons must stop deducting money from Delacruz's account under the Inmate Financial responsibility Program.

The judgment is affirmed to the extent it dismisses Delacruz's request for a shorter sentence; it is vacated to the extent it concerns the award of restitution and is remanded for further proceedings consistent with this order.