**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted February 25, 2009*
Decided March 3, 2009

## Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2348

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

CORTEZ D. GILLUM,
    *Defendant-Appellant*.

Appeal from the United States District Court for the Central District of Illinois.

No. 02-30011

Jeanne E. Scott, *Judge*.

## Order

In 2002 Cortez Gillum pleaded guilty to possessing a firearm despite his earlier felony conviction, see 18 U.S.C. §922(g)(1), and was sentenced to 120 months in prison. More than four years later he asked the district court to reduce his sentence, contending that the judge had miscalculated the range under the Sentencing Guidelines. The time for the district judge to correct an error of that sort is seven days, not four years, see Fed. R. Crim. P. 35(a), and viewed as one under 28 U.S.C. §2255 the motion still is untimely, for §2255(f)(1) sets a limit of one year from the final decision on appeal. This motion was filed 3½ years after the appeal was concluded.

Concluding that the motion was untimely, the district court denied it. The court's brief order states that it did not have jurisdiction. The court reiterated this position in response to a motion for reconsideration. It is not clear whether, by "lack of jurisdiction," the court meant lack of adjudicative competence or just lack of timeliness. The Supreme Court has observed that these are different concepts, for most timeliness defenses may be waived or forfeited, while an absence of subject-matter jurisdiction must be raised at any time, even if the parties agree that the court may proceed. In the wake of decisions such as *Eberhart v. United States*, 546 U.S. 12 (2005), it would be difficult to

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

describe either the 7-day limit in Rule 35(a) or the one-year limit in §2255(f) as curtailing the federal courts' subject-matter jurisdiction. But it is unnecessary to pursue the issue, because the United States has claimed the benefit of the time limits, which means that Gillum's motion was properly denied.

On appeal Gillum relies on Fed. R. Crim. P. 36 rather than either Rule 35(a) or §2255. Rule 36 says that a district court may correct a clerical error at any time. But Gillum's sentence was not affected by a "clerical" error—which is to say a clerk's failure to write down, in the judgment, the sentence as pronounced by the judge in open court. See *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008); *United States v. Becker*, 36 F.3d 708, 710 n.2 (7th Cir. 1994). Gillum's position is that the judge erred in determining the appropriate range under the Sentencing Guidelines. If an error was made, it was not "clerical" in nature, and Rule 36 does not supply authority to alter the sentence.

AFFIRMED