**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 4, 2010*
Decided February 9, 2010

Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 09-3164 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| **v.** | No. 02-30011<br>Jeanne E. Scott, *Judge*. |
| CORTEZ D. GILLUM,<br>*Defendant-Appellant.* | |

**Order**

Cortez Gillum pleaded guilty to a federal crime and was sentenced in 2002. He did not appeal or file a timely petition under 28 U.S.C. §2255. But of late he has filed multiple motions asking the district court for release. Last year we informed Gillum that the district court is not authorized to consider these motions. *United States v. Gillum*, No. 08-2348 (7th Cir. Mar. 3, 2009) (nonprecedential disposition). This did not deter Gillum from trying again.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

His latest motion contends that the district judge lacked subject-matter jurisdiction. He appears to believe that this supplies an end around all of the statutes, rules, and doctrines that limit post-judgment challenges to criminal convictions. It does not. Jurisdictional arguments, like all others, must be presented before the judgment becomes final or the time for collateral review expires. Gillum also errs in supposing that the Interstate Agreement on Detainers, on which his latest arguments rest, affects federal jurisdiction. Every indictment for a federal crime comes within the district courts' subject-matter jurisdiction. 18 U.S.C. §3231; *United States v. Martin*, 147 F.3d 529 (7th Cir. 1997). Whether or not the IAD afforded a full or partial defense to the charge does not affect the district court's authority to resolve the dispute (which is what "subject-matter jurisdiction" means).

Gillum must understand that any further motions in the district court will expose him to sanctions, including not only a fine but also an order directing clerks to return his motions unfiled, unless the motion makes a bona fide effort to demonstrate that it is not only within the scope of 28 U.S.C. §2255 but also timely under the criteria of §2255(f)--and that it has been authorized under §2255(h) if any of Gillum's prior motions is deemed to be a collateral attack. See *Castro v. United States*, 540 U.S. 375 (2003).