**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Miguel MEDINA–MORA, Defendant–Appellant.**

Nos. 14–1243, 14–1420.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 2015.

Decided Aug. 5, 2015.

Sunil R. Harjani, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Barry Levenstam, Attorney, Jenner & Block LLP, Chicago, IL, for Defendant–Appellant.

Before POSNER, KANNE, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

When the district court sentenced defendant Jose Miguel Medina–Mora in 2009 for unlawful reentry by an alien, see 8 U.S.C. § 1326(a) & (b)(2), he was serving undischarged terms in an Illinois state prison on a drug charge and a weapons charge. When the district court pronounced sentence orally in open court, the judge said that Medina–Mora was "committed to the custody of the Bureau of Prisons to be imprisoned for a concurrent term of 77 months on Count One." When the court issued its written judgment, however, the court said nothing about a "concurrent" sentence. The Bureau of Prisons has used the written judgment to measure Medina–Mora's imprisonment. Based on the silence in the written judgment, the Bureau has treated his 77–month federal sentence as consecutive to the two state sentences, so he did not begin earning credit toward his federal sentence until he finished his state sentences.

When Medina–Mora learned about the difference between what the judge said and what the judge wrote, he filed a motion in the district court under Federal Rule of Criminal Procedure 36 to correct a clerical error in the written judgment.

The district judge denied the motion, concluding that his "use of the word 'concurrent' when imposing the sentence was in error" and that he "did not intend for the defendant's sentence in the instant case to run concurrent with the sentences on the state convictions he was then serving."

■ Medina–Mora has appealed, and we must reverse. When a court pronounces sentence orally, that is the defendant's sentence, at least if the oral pronouncement is unambiguous. E.g., *United States v. Alburay,* 415 F.3d 782, 788 (7th Cir. 2005); *United States v. Bonanno,* 146 F.3d 502, 511 (7th Cir.1998); *United States v. Becker,* 36 F.3d 708, 711 (7th Cir.1994); accord, e.g., *United States v. Love,* 593 F.3d 1, 9 (D.C.Cir.2010); *United States v. Villano,* 816 F.2d 1448, 1450–51 (10th Cir. 1987) (en banc). In such a case, a conflicting written judgment is "a nullity, not requiring further discussion." *Alburay,* 415 F.3d at 788; see also *United States v. Johnson,* 765 F.3d 702, 710–711 (7th Cir. 2014); *United States v. Weathers,* 631 F.3d 560, 561 (D.C.Cir.2011).

■ It is true that if the oral pronouncement is ambiguous, the court may consider the entire record, including the written judgment, to resolve the ambiguity. E.g., *United States v. Cephus,* 684 F.3d 703, 709–10 (7th Cir.2012); *United States v. Khoury,* 901 F.2d 975, 977–78 (11th Cir.1990). We see no ambiguity in this oral pronouncement, however. Medina–Mora was convicted on only one federal charge. The only sentences with which the federal sentence could be "concurrent" were the state sentences.

■ Because the written judgment failed to capture accurately the unambiguous oral pronouncement, Rule 36 allows for correction of such a clerical error at any time. Medina–Mora is entitled to that correction.

■ In considering defendant's motion to correct the clerical error in the written judgment, the district court erred by considering its original intentions and concluding that its use of the word "concurrent" was an "error." Under Federal Rule of Criminal Procedure 35(a), the district court lost any power it may have had to correct an "arithmetical, technical, or other clear error" in the sentence fourteen days after pronouncing sentence. At least after that time, the judge's subjective intentions no longer mattered and could not justify the refusal to correct the clerical error. See *United States v. Becker,* 36 F.3d 708, 711 (7th Cir.1994); *United States v. Werber,* 51 F.3d 342, 347 (2d Cir.1995); *Villano,* 816 F.2d at 1451.

The denial of Medina–Mora's Rule 36 motion is hereby REVERSED. With the correction of the clerical error, Medina–Mora may be entitled to release from Bureau of Prisons custody either immediately or in the very near future (though he is subject to a detainer from immigration authorities). To avoid further delay, we therefore ourselves direct the clerk of the district court to correct the clerical error. See *United States v. Pulley,* 601 F.3d 660, 668 n. 4 (7th Cir.2010). The clerk shall amend the judgment in this case to reflect that Medina–Mora's federal sentence was to run concurrently with the undischarged state sentences he was subject to at the time of his federal sentencing. The mandate shall issue immediately and the clerk of the district court shall immediately notify the Bureau of Prisons of the correction so that Medina–Mora's correct release date may be determined as soon as possible.

So ordered.