NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1719

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-Cr-167 |
| WILLIE J. EVANS III, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Just days before Willie Evans was due to begin serving time in federal prison, he contacted an FBI agent and said that a gang member had hidden an assault rifle in his cousin's backyard and would be retrieving it later that day. A district judge had revoked Evans's supervised release for a 2009 federal conviction after he was arrested in early 2014 and charged with state offenses. Those charges were still pending, and Evans was hoping that, by appearing to cooperate, he could persuade state prosecutors to be lenient. Surveillance agents watched the cousin's house, but no one came for the gun. The FBI discovered later that, contrary to his story, Evans had learned from his cousin that the gang member's rifle was in her house, so he had taken the gun himself and hidden it outdoors with the idea of luring the gang member to retrieve it with the FBI watching. Evans pleaded guilty to lying to the FBI, 18 U.S.C. § 1001(a)(2), and the district

court sentenced him to an additional 30 months' imprisonment and 3 years' supervised release.

Evans filed a notice of appeal, but his appointed lawyer contends that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Evans has not responded to counsel's motion. S*ee* CIR. R. 51(b). Counsel's brief adequately explains the nature of the case and discusses potential issues that an appeal of this kind might be expected to involve, and thus we limit our review to the subjects that counsel identifies. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by evaluating the adequacy of the plea colloquy, but the lawyer does not tell us whether he consulted Evans to learn whether the defendant wants his guilty plea set aside. That oversight was erroneous but harmless, since our review of the colloquy convinces us that a challenge would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Evans never asked the district court for leave to withdraw his guilty plea, so our review would be limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). During the colloquy Evans was told that he could persist with his plea of not guilty and proceed to a jury trial at which he could confront and cross-examine adverse witnesses, present evidence, and testify or not without fear of being compelled to incriminate himself. *See* FED. R. CRIM. P. 11(b)(1)(B), (C), (E). A guilty plea, the district court admonished, would waive these rights. FED. R. CRIM. P. 11(b)(1)(F). The court also disclosed the possible penalties, ensured that no one had coerced Evans's guilty plea, and confirmed that Evans agreed with the factual basis in the plea agreement. FED. R. CRIM. P. 11(b)(1)(H–L), (b)(2–3).

The colloquy, though, was not flawless. The district court did not mention that Evans had a continuing right to counsel, FED. R. CRIM. P. 11(b)(1)(D), but Evans surely knew this given that he had appointed counsel present with him, *see United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). The court also neglected to discuss the § 1001 charge and did not tell Evans that he could be prosecuted if he perjured himself during the hearing, that he could compel the attendance of defense witnesses at trial, or that the court was obligated to consider the sentencing guidelines and other statutory factors in determining a sentence. *See* FED. R. CRIM. P. 11(b)(1)(A), (E), (G), (M). But a challenge based on these omissions would be frivolous because Evans waived reading of the charge, and all of the points are covered in his written plea agreement, which he acknowledged having reviewed with counsel. *See United States v. Adams*, 746 F.3d 734,

746–47 (7th Cir. 2014); *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). There is no hint from the colloquy that Evans misunderstood the charge or its statutory elements, and he said no when asked if he had questions for counsel or the court about the proceeding.

Counsel next rejects as frivolous any argument that Evans's prison sentence is substantively unreasonable. The district court correctly calculated a guidelines imprisonment range of 27 to 33 months and imposed a within-range term of 30 months. As counsel points out, on appellate review a sentence within the range is presumed to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Williams-Ogletree*, 752 F.3d 658, 664 (7th Cir. 2014). Counsel has not identified any reason to question this presumption, nor have we. The district court evaluated the factors in 18 U.S.C. § 3553(a) when explaining the sentence, including Evan's criminal history, his past drug abuse, and his assistance to the FBI in recovering the rifle.

We conclude by observing that we have criticized two of the standard conditions of supervised release included in the written judgment, conditions 6 (requiring Evans to notify the probation officer "prior to any change in residence or employment") and 13 (requiring him to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics"). *See United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015). And a special condition ordering Evans to participate in a treatment program for drug *and* alcohol abuse and to "refrain from use of all alcoholic beverages" may be overbroad given the absence of evidence in the record that Evans has a history of alcohol abuse. *Compare Kappes*, 782 F.3d at 852 (vacating alcohol ban imposed without connection to offense of conviction or defendant's history), *with United States v. Speed*, Nos. 15-1520, 15-1561, 2016 WL 212507, at *5 (7th Cir. Jan. 19, 2016) (upholding alcohol restriction where defendant had stopped drinking but continued using marijuana and also had undergone alcohol treatment previously). But neither Evans nor his attorney has identified a potential argument related to these conditions, and we thus have no reason to believe that Evans wishes to challenge them. *See United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). If Evans later finds the conditions problematic in application, he can seek modification to the extent authorized by 18 U.S.C. § 3583(e)(2). *See United States v. Neal*, No. 14-3473, 2016 WL 258622, at *6–8 (7th Cir. Jan 21, 2016). Also, some of the special conditions in the written judgment, including the alcohol restriction, were not orally pronounced. To the extent that these conditions conflict with those orally pronounced, they are null. S*ee United States v. Medina-Mora*, 796 F.3d 698, 700 (7th Cir. 2015); *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005). But it is not necessary to

deny counsel's motion and order briefing; at any time Evans can ask the district court to conform the written judgment to the oral pronouncement. *See* FED. R. CRIM. P. 36; *United States v. Anobah*, 734 F.3d 733, 739 (7th Cir. 2013).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.