In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 21-2089 & 21-2090
UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID MCCLAIN,

*Defendant-Appellant.*

_____

Appeals from the United States District Court for the
Central District of Illinois.
Nos. 02-CR-10145 & 09-CR-20090 — **Michael M. Mihm**, *Judge.*

_____

ARGUED OCTOBER 5, 2021 — DECIDED OCTOBER 18, 2021

_____

Before EASTERBROOK, KANNE, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* The district court modified David McClain's two federal prison sentences under Rule 36 of the Federal Rules of Criminal Procedure, and McClain appeals. He contends that the changes—which added 18 months of prison time and required him to re-enter federal prison after he had been released—were not merely clerical. As a result, he argues, they could have been made only under Federal Rule of Criminal Procedure 35. But that avenue for

modification was unavailable because the fourteen-day pe-
riod for altering a sentence had long passed. The government
argues that because of clerical errors, the written judgments
did not reflect what was orally pronounced at a 2013 resen-
tencing hearing and therefore required a mere clerical "cor-
rection" pursuant to Federal Rule of Criminal Procedure 36.

McClain is correct that the changes to his sentences were
not merely clerical, and so the district court erred by "correct-
ing" the sentences under Rule 36. We agree and vacate both
amended judgments. We have already ordered McClain's re-
lease and now explain our reasoning in greater detail.

**I**

In 2012, McClain pleaded guilty to distributing cocaine, 21
U.S.C. § 841(a)(1), and to violating the conditions of his super-
vised release on a prior federal conviction for delivery of a
controlled substance by committing a new offense while on
supervision. Around the same time, he was sentenced in state
court to 20 years for failure to report an accident involving a
death after fleeing the scene.

The district court sentenced McClain simultaneously on
his new conviction and supervised release violation. It im-
posed a 120-month prison term in the distribution case. Of
that, 24 months were to be served concurrent to the state sen-
tence and the remaining 96 months consecutive to it. In his
delivery case, the court imposed a sentence of 24 months con-
secutive to both the distribution and state sentences.

Since the 2012 sentencing, the court has modified these
sentences multiple times. It modified the distribution sen-
tence in 2013, 2016, and twice in 2021; it modified the delivery
sentence in 2013 and 2021.

The first modification came in 2013. After the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. 260 (2012), this court granted a joint motion to vacate the sentence in McClain's distribution case. Arguing that his delivery sentence was part of the same sentencing package, McClain successfully moved to have it vacated as well. At the resentencing hearing, the district court sentenced McClain to 90 months in federal prison and stated that 72 months were for the distribution conviction and 18 months were for the revocation in the delivery case. Of those 90 months, the court explained, 24 were to run concurrently with the state sentence, leaving 66 months of federal time after the state sentence. The written judgments, however, did not conform to the orally pronounced sentences. They stated that 24 months of the distribution sentence—*as well as the entire 18-month delivery sentence*—were to run concurrent to the state sentence. Thus, McClain received 42 months of concurrent time, and only 48 months of purely federal time rather than the intended 66 months.

Another modification occurred in 2016. Following Amendment 782 to the Sentencing Guidelines, McClain successfully obtained a reduction in his distribution sentence under 18 U.S.C. § 3582(c)(2). The court reduced that sentence to 70 months, specifying that it would run concurrent to the delivery sentence, that 24 months would run concurrent to the state sentence, and that 48 months would run consecutive to it. This new sentence created two discrepancies. First, the court ordered the two federal sentences to run concurrently, but the unchanged judgment in the delivery case still ordered that the two run consecutively. Second, the arithmetic was wrong: 24 months concurrent to the state sentence and 48

months consecutive to it add up to 72 months, not the 70 months that the court had imposed.

The third modification, in February 2021, corrected the 2016 errors. After noticing the mathematical error in the distribution sentence, the parties jointly proposed a revised sentence. The revised judgment, adopted in February 2021, imposed 70 months in prison to be served consecutive to the delivery sentence, and corrected the mathematical errors relative to the state sentence. (Whether the court had the authority to make these changes is beyond the scope of this appeal.)

McClain was scheduled to be released in June 2021. The Bureau of Prisons transferred him to home confinement in April 2021. He moved in with his family and secured employment. Meanwhile, in mid-March, the government in each case filed a motion under Rule 36, which permits the court at any time to correct clerical errors in a judgment. It cited a purported discrepancy between the sentence orally announced in 2013 and McClain's new release date and argued that the sentences should be "corrected" so that McClain would serve 64 months total after his state sentence.

McClain objected to the motions. He argued that, for the distribution sentence, the discrepancies between the February 2021 amended judgment and the pronounced judgment from 2013 were not revisable under Rule 36 because the court had modified the 2013 oral judgment twice since that hearing. As for the revocation sentence in the delivery case, he argued there was no inconsistency with the 2013 oral pronouncement. Because the proposed changes were more than clerical, he asserted only Rule 35 would allow modification, and its fourteen-day time limit had long passed. McClain pointed out that the proposed modifications were substantial and would

harm him by leading to his reincarceration after he had already been released and started working.

The district court granted the motions. It concluded that it had authority to modify the sentences under Rule 36 because clerical errors had caused the written sentences to diverge from those stated at the hearing. It entered an amended judgment in the distribution case that sentenced McClain to 70 months in prison, running 24 months concurrent with and 46 months consecutive to the state sentence. Notably, the latest judgment made no reference to the delivery case. In the delivery case, the court entered an amended judgment sentencing McClain to 18 months consecutive to the distribution sentence and making no reference to the state case. As a result of the amended judgments, McClain was sent back to prison to serve 18 additional months.

## II

On appeal, McClain contends that the district court lacked authority to modify his sentences under Rule 36. This court reviews legal questions, including questions of rule interpretation, de novo. *United States v. Melvin*, 948 F.3d 848, 851 (7th Cir. 2020).

McClain first attacks the May 2021 sentence modifications by arguing that the government's motions to alter his sentences, although styled as requests for Rule 36 corrections, are best understood as untimely motions under Federal Rule of Criminal Procedure 35. He argues that the modifications amounted to corrections of clear error under Rule 35, for which the fourteen-day time limit has long expired, and not corrections of clerical errors under Rule 36 which can be invoked "at any time."

An inconsistency between an oral pronouncement and the written sentence is a clerical error within the scope of Rule 36. *United States v. Medina-Mora*, 796 F.3d 698, 700 (7th Cir. 2015). When a written judgment fails to reflect an "unambiguous oral pronouncement, Rule 36 allows for correction of such a clerical error at any time." *Id*. The district court here found that the judgment it entered in February of 2021 did not reflect the oral pronouncement of the sentence imposed. (There was no "oral pronouncement" in February 2021, so presumably the court was referring to the 2013 resentencing hearing.) The government insists that the court correctly observed that, if the sentences as of February 2021 were left to stand, McClain would be released after serving only 48 months of imprisonment consecutive to his state sentence, rather than the orally pronounced sentence of 64 months. That point has some truth, but it does not necessarily make either sentence ripe for correction under Rule 36.

For the distribution sentence, the problem with the government's argument is that the change to McClain's sentences *did not* result in his May 2021 sentence conforming to the 2013 oral pronouncement: for McClain to serve 66 months total of federal time after the state sentence. That was not the sentence the court imposed with the May 2021 modifications. In a single step, the district court imposed the 66 months from 2013 and subtracted the 2 months from the 2016 guidelines-based reduction. The district court treated this as an unremarkable simplification, but to get there, it had to simultaneously discard and incorporate the 2016 and February 2021 modifications. It treated the oral 2013 sentence as the one true sentence, but it still incorporated adjustments that came years later.

Recognizing that focusing on the 2013 pronouncement means ignoring some portions of the modifications from 2016 and 2021, the government argues that those written modifications can be discarded. First, it contends that the subsequent written sentences are nullities to the extent they conflict with the oral pronouncement. The government points to the analysis in *Medina-Mora* and *United States v. Alburay*, 415 F.3d 782 (7th Cir. 2005), both cases in which a written order that was inconsistent with an oral pronouncement had to be revised. But the uncontroversial proposition that an oral pronouncement controls when the corresponding written judgment differs is not useful here, when (1) multiple changes to the sentence were made without further oral pronouncements, and (2) the written judgment under attack does not correspond to the only oral pronouncement. The government fails to explain why the 2013 oral pronouncement remains the reference point even though it was later modified twice—once with the government's agreement and once with no objection.

Second, the government argues that the post-2013 sentences can be ignored because the 2016 and 2021 reductions resulted in a sentence below McClain's retroactively amended guideline range, and the district court did not have the authority for that under § 3582(c)(2). But if an order "accurately reflects the judge's decision" it "cannot be corrected" even if "the sentence was erroneous." *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006). For example, in *Romandine v. United States*, 206 F.3d 731, 737 (7th Cir. 2000), prompted by the timely appeal of one unlawful resentencing, we reinstated a previous "unlawful" sentence because it had not been timely appealed and could not be modified beyond the time limit of Rule 35.

Here, the February 2021 written sentence, meant to correct the 2016 sentence, must stand. It reflects not only the judge's decision but the joint proposal of the parties. Even if the district court lacked the authority to enter that sentence, it was not corrected within 14 days and is still enforceable. *Id.*

Because the February 2021 distribution sentence cannot be "corrected" under Rule 36 because of a purported inconsistency between it and the 2013 orally pronounced sentence, we vacate the May 2021 amended judgment and reinstate the distribution sentence from February 2021.

Whether the revocation sentence in the delivery case was properly modified under Rule 36 is a closer issue. As the government points out, that sentence, unlike the distribution sentence, was not modified between 2013 and May 2021, and once the May 2021 amended delivery judgment is vacated, McClain will serve only 48 months of total federal time after the state sentence, which is not what the court pronounced at its 2013 oral sentencing. So, it continues, nothing prevented the modification of *that* sentence in May 2021 under Rule 36, to add back 18 months.

McClain replies that, on its own, the written 2013 delivery sentence is "entirely consistent with the oral sentence," making a correction unnecessary. He points out that any inconsistency is revealed only when looking at the delivery sentence together with the distribution sentence, which changed after 2013. The oral pronouncement called for 24 months of total federal time to run concurrent with the state sentence and for the federal sentences to run consecutively. The 2013 written delivery judgment imposed 18 months to run fully concurrent with the state sentence, and consecutive to the distribution sentence. This could have easily conformed to the

pronouncement: if at the same time, the court had ordered the distribution sentence to run concurrently with the state case for 6 months, McClain would have received the pronounced concurrent 24 months (18 from the 2013 delivery sentence plus the corrected 6). No change was needed to the 2013 delivery judgment to conform it to the corresponding oral pronouncement. Therefore, McClain argues, any correction would not be of clerical error.

McClain has the better argument. True, if the May 2021 modifications are rejected, the 2013 written delivery sentence will not follow the intent of the court at the time of oral sentencing because McClain will serve only 48 months after his state sentence. (At least on paper—in reality McClain has served more than that because he was incarcerated throughout this appeal.) But that does not mean that the sentence contains a "clerical error." Rule 36 is not intended to fix "errors made by the court itself." *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993) (per curiam).

Here, the district court made errors in its imposition and modification of the distribution sentence, including by adopting the agreed changes in February 2021. The court was not entitled to use the government's motion in May to offset the error by adding 18 months back onto McClain's federal time by adjusting the delivery sentence. In 2013, the district court had bundled the two sentences, but the modifications to the distribution sentence unbundled them; some justification specific to the delivery sentence was therefore required. There was none. Any inconsistency in the delivery sentence is invisible without also considering the 2013 distribution sentence.

Accordingly, we VACATE both amended judgments, and REMAND with instructions to reinstate the last sentence in each

case: the February 2021 distribution sentence, and the 2013 revocation sentence in the delivery case.