**UNITED STATES of America**

v.

**Thomas CHASMER, Appellant.**

**No. 91–5538.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 10, 1991.

Decided Dec. 23, 1991.

---

Eugene J. Pietroluongo, Jersey City, N.J., for appellant.

Michael Chertoff, U.S. Atty., Edna B. Axelrod, Leslie F. Schwartz, Asst. U.S. Attys., Newark, N.J., for appellee.

Before BECKER, GREENBERG and GARTH, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Thomas Chasmer appeals from a judgment of conviction and sentence entered on June 24, 1991, sentencing him to a one-year imprisonment term based on his plea of guilty to an information charging him with obstructing a court order contrary to 18 U.S.C. §§ 1509 and 2, the sentence to be served consecutively to a sentence imposed by the United States District Court for the Southern District of New York. On this appeal Chasmer seeks to have his sentence run concurrently with rather than consecutively to the New York sentence.

In 1985 Chasmer pleaded guilty to distribution and possession with intent to distribute LSD and was sentenced to five years of probation. On September 14, 1989, while he was in the United States Courthouse in New York because of probation violations, he was left unattended and walked away. On October 25, 1989, after law enforcement officers observed him in New Jersey, in an unsuccessful effort to escape, he struck a marshal's vehicle with his vehicle. Subsequently the charge for violation of probation in New York was amended to add additional charges including his escape on September 14, 1989, and his conduct in resisting arrest on October 25, 1989. On December 4, 1989, Chasmer was sentenced to a three-year custodial term by the Unit-ed States District Court for the Southern District of New York for violation of probation.

Chasmer was later indicted in the District of New Jersey for using a dangerous weapon, an automobile, to assault a marshal engaged in the performance of his duties by reason of the events of October 25, 1989, but these charges were disposed of by the plea of guilty to the information charging obstruction of a court order. At the time of the sentencing in New Jersey, a principal issue was whether the sentence to be imposed should be concurrent with or consecutive to the New York sentence. Chasmer urged that the sentences should be concurrent as the Sentencing Guidelines § 5G1.3, in effect at the time of the New Jersey offense, provided that if a defendant is already serving one or more unexpired sentences, then the new sentence "shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences" in which event the sentences shall run concurrently except as otherwise provided by law. On the other hand, the government contended that a later version of the guideline was applicable. That version provides that if the defendant was serving a term of imprisonment when he committed the new offense the new sentence must be consecutive to the unexpired term of imprisonment.

The district court agreed with the government and held that the sentences must be consecutive. It ruled, however, that even if it had discretion as to whether the sentences could be concurrent or consecutive, based on the file it would run the sentences consecutively. This appeal followed.

Chasmer urges that he was entitled to a concurrent sentence under the guidelines in effect at the time of the offense and further urges that it is not clear whether the court used the version in effect at that time or in effect at the time of the sentencing. He then argues that even if he was not *entitled* to concurrent sentences, the court should have imposed such

a sentence as an appropriate exercise of discretion.

■ We need not linger long on this matter. While ordinarily a guideline in effect at the time of sentencing will govern, a defendant may not be prejudiced by a change in a guideline after he commits an offense. Accordingly, when the guideline in effect at the time of the offense is more favorable to the defendant, it must be applied. *See United States v. McAllister,* 927 F.2d 136, 138 n. 2 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 111, 116 L.Ed.2d 80 (1991). Here the district court indicated that it would sentence Chasmer to consecutive terms in the exercise of its discretion. There is no question that under the version of the guidelines in effect at the time of the sentencing the court at least had discretion to impose a consecutive sentence to that in New York and thus Chasmer cannot successfully urge that this version of the guidelines was violated. Accordingly, if the court had discretion to impose consecutive sentences as of the date of the offense, October 25, 1989, it does not matter which version of the guidelines the court used.

■ It is clear that under the original version of guidelines § 5G1.3 the court at a minimum had discretion to impose consecutive sentences. While we understand Chasmer's contention that the New Jersey offense "arose out of the same transactions or occurrences as the unexpired sentences" as the the New York sentence for the charges for violation of probation included the New Jersey events, our law is that if an offense is committed while a defendant is on parole, that offense is compared to the offense for which the defendant is on parole rather than to the acts constituting a violation of parole for purposes of "the

same transactions or occurrences" clause in guidelines § 5G1.3. *See United States v. Nottingham,* 898 F.2d 390, 392–93 (3d Cir.1989). By a parity of reasoning we will apply the same rule when the offense is committed by a defendant on probation. It thus follows that Chasmer's New Jersey offense did not arise out of the same events as gave rise to the New York sentence and he therefore was not entitled to a concurrent sentence under guidelines § 5G1.3 as effective when he committed the offense in New Jersey. Finally, we point out that, in any event, as we set forth in *Nottingham,* notwithstanding the guideline the district court had the power to impose consecutive sentences as of the time of the New Jersey offense.

■ We have one final point to make. It appears that the judgment in Chasmer's appendix starting at page 72 does not indicate that the New Jersey sentence is to be consecutive to the New York sentence. This form of judgment is troublesome because it has been held that "[i]n the absence of clear language indicating consecutive sentences, it will be presumed that sentences imposed are concurrent." 3 C. Wright, Federal Practice and Procedure § 527, at 116 (2d ed. 1982).[1] In the circumstances we think it appropriate to indicate that we will follow the "firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *United States v. Villano,* 816 F.2d 1448, 1450 (10th Cir. 1987).[2] Thus, we regard the absence of an indication that the New Jersey sentence was to be consecutive to the New York sentence as at most a clerical error subject to correction under Fed.R.Crim.P. 36.[3] We suggest, however, that in the future that

---

**1.** It might, however, be appropriate to temper this presumption when sentences are imposed at different times by different courts.

**2.** It could be inferred from *United States v. Keenan,* 443 F.2d 381 (3d Cir.1971), that we have already concluded that in the event of a conflict between the oral pronouncement and the judgment, the former would control. We now make the point clear. We also note that Chasmer does not contend that by reason of the

form of judgment he is entitled to concurrent sentences.

**3.** We do not consider this case as coming within Fed.R.Crim.P. 35(c), effective on December 1, 1991, which provides that "within 7 days after the imposition of sentence" the court "may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."

judgments in the district court should reflect the oral sentence with precision.

In view of the aforesaid the judgment of sentence and conviction of June 24, 1991, will be affirmed.