

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2005

# Bailey v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4881

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bailey v. Nash" (2005). *2005 Decisions.* Paper 1167.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1167

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4881

_____

NOELLE BAILEY,

Appellant

v.

JOHN NASH, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-00226)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2005

Before: RENDELL, AMBRO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: May 18, 2005)

_____

OPINION

_____

PER CURIAM

Noelle Bailey appeals an order of the United States District Court for the Middle

District of Pennsylvania denying his 28 U.S.C. § 2241 petition for a writ of habeas

corpus. We will affirm.

On August 23, 1997, Noelle Bailey was taken into state custody after being arrested for possessing a firearm and for violating his New Jersey state parole. The state dismissed the firearms charge in favor of federal prosecution. Nevertheless, Bailey remained in state custody and on May 20, 1998, the New Jersey State Parole Board revoked his parole and gave him credit towards his parole violator term for the approximately nine months he had spent in custody since the date of his arrest. Meanwhile, Bailey was transferred on various occasions to temporary federal custody pursuant to writs of habeas corpus *ad prosequendum*: on May 5, 1998, he pled guilty to possession of a firearm by a convicted felon and on August 21, 1998, he was sentenced to a term of imprisonment of "90 months, with credit for time served." Bailey completed his state parole violator term on October 2, 1998, and was immediately taken into federal custody. The Bureau of Prisons ("BOP") computed Bailey's firearms sentence to run consecutively to the New Jersey parole violator term and did not credit his federal sentence for any time he spent in state custody.

After properly exhausting his administrative remedies, Bailey filed the present petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. He argued that his federal sentence should be credited for the approximately twelve months he served from the date he was arrested and taken into custody (August 23, 1997) through the date he was sentenced on the federal firearms conviction (August 21, 1998). The District Court denied relief, holding that the BOP

properly determined that Bailey's federal sentence should be served consecutively to his parole violator term and that federal credit for the time he was in state custody was appropriately denied under 18 U.S.C. § 3585(b).  Bailey appealed.[1]

II.

Bailey argues that the sentencing court's reference in its judgment to "credit for time served" reflected its intent to adjust his federal sentence under U.S.S.G. § 5G1.3(c) for the time he was incarcerated before imposition of his federal sentence.  The government contends, however, that the sentencing court did not grant a § 5G1.3(c) adjustment and that the period Bailey spent in state custody could not be credited against his federal firearms term under 18 U.S.C. § 3585(b).

In Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), we explained that the sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  See id. at 131-33.  In particular, the "adjustment" that the sentencing court exclusively can award under § 5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction. On the other hand, the credit that BOP exclusively awards under § 3585(b) accounts for time served in detention prior to the date the federal sentence commences.  Id.; see also United States v. Dorsey, 166 F.3d 558, 564-65 (3d Cir. 1999) (Stapleton, J., concurring)

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 2253(a).  We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact.  See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

3

(noting that much of the confusion could be explained by the different uses of the term "credit").

To determine what type of credit the sentencing court intended to apply in Bailey's case, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." Rios v. Wiley, 201 F.3d 257, 264 (3d Cir. 2000). When the oral pronouncement of sentence and written sentence are in conflict, the oral sentence prevails. See United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991). However, when there is no conflict, "but rather only ambiguity in either or both [sentence pronouncements], we have recognized that the controlling oral sentence 'often [consists of] spontaneous remarks' that are 'addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of the surrounding law.'" Ruggiano, 307 F.3d at 133 (quoting Rios, 201 F.3d at 268 (citation omitted)). Importantly, "[i]n interpreting the oral statement, we have recognized that the context in which this statement is made is essential." Id. at 134.

At sentencing, Bailey's attorney stated that "the issue of credit, time credit to be given is primarily an issue that the BOP would use. However, I just want to place on the record [for any review the BOP might undertake] and ask you at the conclusion of the proceedings simply to include in the order that credit be given for all appropriate time."[2]

---

[2] Bailey's attorney suggested that this "appropriate time" be the period from his arrest (August 23, 1997) to either the date his parole was revoked (May 20, 1998) or "until now," the date of his federal sentencing (August 21, 1998). See Sentencing Transcript, 4-5.

4

Sentencing Transcript ("Tr."), 4.  Next, the Probation Officer noted that "any time a defendant has served in custody that has not been credited to another sentence will get credited towards his federal sentence and the [BOP] makes that determination."  Id. at 5.  The prosecutor indicated that the "defendant should receive jail time credit [from the BOP] for time served since May 20, 1998 only.  This reason that is so is because the period of time he served in custody from August 23, 1997 through May 20, 1998 was credited to his parole violation sentence, was credited to the sentence that he has served based upon his separate violation of the terms and conditions of his parole."  Id. at 9-10.  At the conclusion of the proceedings, the sentencing court stated Bailey "is hereby committed to the custody of the [BOP] to be imprisoned for a term of 90 months with credible time served."  Id. at 33-34.  Bailey's attorney then asked "to be included in the order that [the BOP] apply all appropriate credit for time served."  Id. at 36.  The sentencing court responded, "I don't need to add anything additional to the judgment for that to be understood."  Id.  As noted above, the written judgment states that Bailey is "to be imprisoned for a term of 90 months, with credit for time served."

In light of these facts, we conclude that the sentencing court's reference to "credit for time served" was a non-binding recommendation for the BOP to award credit – if appropriate – under § 3585(b), rather than a mandatory direction that Bailey's sentence be adjusted pursuant to § 5G1.3(c).  We recognize that the sentencing court can apply § 5G1.3(c) where, as here, no explicit reference is made to that section.  See Rios, 201 F.3d at 268.  Importantly, however, in cases where we have found that the sentencing

5

court intended to impose an adjusted sentence, the sentencing court had clearly indicated its intent to have the federal and state sentences run concurrently in order to achieve a reasonable penalty. See Rios, 201 F.3d at 267-69; Ruggiano, 307 F.3d at 124, 132-33. Here, by contrast, no information before the sentencing court suggests that it was applying § 5G1.3(c). No mention was made of concurrent sentences or the reasonableness of running Bailey's sentences concurrently. Most importantly, however, the sentencing court and both parties proceeded as though any credit due Bailey would be calculated by the BOP, which of course does not have authority to impose an adjusted sentence pursuant to § 5G1.3(c).

Because the "sentencing court [did] not appl[y] section 5G1.3(c) . . . in pronouncing [Bailey's] sentence[,] . . . the issue presented on appeal [is] in fact a crediting matter governed by section 3585(b)." Rios, 201 F.3d at 276. We conclude that the BOP properly determined that Bailey was not entitled to federal-sentence credit for the period he was in state custody. A federal prisoner is statutorily entitled to credit for time spent in official detention prior to the date his federal sentence commences if the detention resulted from the same offense for which the sentence was imposed and if that time has not been credited against another sentence. See § 3585(b). Bailey's federal sentence commenced on October 2, 1998, when he was released by the state and taken into federal custody. See § 3585(a); Wilson, 503 U.S. at 333-34. Because the entire period between Bailey's arrest and the date his federal sentence commenced was spent in service of his state parole violator term, the BOP could not credit Bailey's federal

6

sentence with any of that time.[3]  See Dorsey, 166 F.3d at 560 (recognizing that period between state sentencing and federal sentencing could not be credited to federal sentence "because it represented time that the appellant was already serving on his state sentence."); see also Rios, 201 F.3d at 272 (holding that 22 months spent serving state sentence (in federal detention) prior to imposition of federal sentence could not be credited under § 3585(b)).  Moreover, the sentencing court did not specify that the federal and state sentences were to run concurrently.  See § 3584(a) (providing that where a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms run consecutively unless otherwise ordered); see also Weekes v. Fleming, 301 F.3d 1175, 1179 (10th Cir. 2002) ("[t]here is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence.").  Accordingly, Bailey has shown no error in the District Court's denial of his habeas petition.[4]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] The prosecutor's suggestion at sentencing that Bailey would be entitled to credit for the period he served in state custody since the date his state parole was revoked, see Tr., 9-10, was mistaken.  Cf. Dorsey, 166 F.3d at 563 (rejecting theory under which "credit for time served before imposition of the federal sentence will depend on when the state sentence was imposed" because "[a]ctual time of imprisonment should not turn on the happenstance of the scheduling of sentencing dates").

[4] To the extent Bailey seeks credit for the period he spent in federal custody pursuant to writs of habeas corpus *ad prosequendum*, his claim is without merit.  See Ruggiano, 307 F.3d at 125 n.1 ("time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.").