

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2008

# USA v. Hudicek

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5000

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hudicek" (2008). *2008 Decisions.* Paper 1417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 06-5000
_____

UNITED STATES OF AMERICA

v.

ROBERT HUDICEK,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-cr-00524-20)
District Judge: Honorable Robert F. Kelly
_____

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2008

Before: BARRY, JORDAN, and HARDIMAN, *Circuit Judges.*

(Filed March 19, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Robert Hudicek appeals from the District Court's November 27, 2006 order

sentencing him for violating the terms of his supervised release. For the reasons set forth

below, we will affirm the 18 month term of imprisonment imposed by the District Court

and vacate and remand the remainder of the District Court's order with instructions to impose a term of 12 months supervised release.

## I.  Background

Because we write only for the parties, a lengthy recitation of the facts and procedural history is unnecessary.

On August 31, 1999, Hudicek was charged with conspiracy to commit offenses against the United States for running an illegal "chop shop," removing vehicle identification numbers, possessing vehicles with altered identification numbers, and aiding and abetting the operations in a chop shop, all in violation of 18 U.S.C. §§ 371 and 2322.  Hudicek entered a guilty plea on May 19, 2000.  On February 22, 2001, Hudicek was charged in another indictment with conspiracy to remove vehicle identification numbers and possess vehicles with altered identification numbers.  Hudicek also pled guilty to that conspiracy charge.  Pursuant to a plea agreement, Hudicek was to receive a consolidated sentence for the offenses charged in the two indictments.  On November 21, 2002, Hudicek was sentenced to 60 months imprisonment, followed by a three year period of supervised release.

Hudicek's period of supervised release began on October 25, 2004.  On August 23, 2006, the Philadelphia Police discovered that Hudicek had opened an auto detailing shop and was associating with a known felon, in violation of the terms of his supervised release.  Evidence seized at that time implicated Hudicek in the theft of a trailer and its contents.  Hudicek was subsequently arrested and charged with criminal conspiracy and

receiving stolen property. The United States Probation Office initiated a petition for revocation on November 14, 2006, alleging that Hudicek violated his supervised release by committing a state crime, a Grade B violation, and by committing three Grade C violations.

The District Court conducted a hearing on the Probation Office's petition on November 27, 2006. At the conclusion of the hearing, the District Court revoked Hudicek's supervised release and imposed a sentence of 18 months imprisonment followed by 12 months of supervised release. Later, in a written order, the Court reiterated the 18 month term of imprisonment but, rather than a 12 month period of supervised release, the Court imposed 24 months of supervised release. Hudicek filed his notice of appeal on December 4, 2006.

## II.    Discussion

The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The Chapter 7 policy statements set forth in the Sentencing Guidelines were advisory even before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), rendered the Guidelines themselves advisory. *See, e.g., United States v. Blackston,* 940 F.2d 877, 893 (3d Cir. 1991) ( "The United States Sentencing Commission Guidelines Manual makes clear that the Chapter 7 policy statements are not "guidelines." ... [P]olicy statements are merely advisory.") (citation and footnote omitted). "Prior to *Booker*, [we] reviewed ... revocation sentences for abuse of discretion that resulted in a 'plainly

unreasonable' sentence." *United States v. Dees,* 467 F.3d 847, 852 (3d Cir. 2006) (citing *United States v. Schwegel,* 126 F.3d 551, 555 (3d Cir. 1997) (*per curiam*); 18 U.S.C. §§ 3742(a)(4), (e)(4) and (f)(2)). Post-*Booker*, we review sentences for reasonableness. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*en banc*), *cert. denied*, 128 S. Ct. 106 (2007). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the [sentencing] factors enumerated in 18 U.S.C. § 3553(a)." *Id.*

Hudicek argues that the sentence imposed by the District Court must be vacated because the District Court failed to articulate its reasons under 18 U.S.C. § 3553(a) for imposing a sentence beyond the Chapter 7 policy statement range and because the sentence imposed by the District Court is plainly unreasonable.[1] We disagree.

In imposing a sentence for a violation of supervised release, the District Court should consider the sentencing range suggested by the Chapter 7 policy statements, as well as "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; and (5) the need to provide the defendant with appropriate treatment." *Blackston*, 940 F.2d at 893 (citing 18 U.S.C. §§ 3553(a) and 3583(e)).

---

[1]The government, citing *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006), argues that, because Hudicek did not raise these objections before the District Court, we should review them for plain error. We find Hudicek's claims to be without merit under either the plain error or abuse of discretion standard of review.

Given Hudicek's criminal history category, the term of imprisonment recommended by the Chapter 7 policy statement was 8 to 14 months. U.S.S.G. § 7B1.4. The District Court explained its reasons for imposing an 18 month term of imprisonment and a term of supervised release as follows:

> Well among the many bad things about violating supervised release is that it causes the Court to go back and look at the original pre-sentence report and of course the original sentence to prison was 60 months. But that was really a reduction from a sentencing guideline range which at that time was mandatory of 87 to 108 months. While he was on pre-trial release for auto theft, it was determined that he had stolen about seven motorcycles. While he was on pre-trial release for auto theft, it was determined that he attempted to interfere with the investigation by threatening cooperating witnesses. And in his long career, in this pre-sentence report, indicated that he was involved in several high speed chases with police. I bring this up because Mr. Hudicek, you've got to figure it out. The Government and the City Police have decided to do what they can to put a stop to automobile theft and you are just going to keep getting caught. You've got to learn a new trade. I may well have said this to you at the time of sentencing the first time. But I don't hold out much hope for you. The sentence of the Court is that you undergo imprisonment in the Bureau of Prisons for a period of 18 months. ... That is followed by a period of supervised release of 12 months. That is the sentence of the Court.

(App. 116A-117A.) Based on the record, we are satisfied that the District Court sufficiently articulated its reasons for imposing the sentence, consistent with § 3553(a).

We are also satisfied that the sentence of imprisonment imposed by the District Court was reasonable. Hudicek committed four violations of the terms of his supervised release, including committing a new crime. During his initial sentencing, Hudicek received a substantial departure. Even with the additional 18 months of imprisonment he received for violating his supervised release, the total sentence of 78 months

5

imprisonment is still below the initial Guideline range of 87 to 108 months. The District Court did not err or abuse its discretion in finding that a sentence in excess of the Chapter 7 advisory range was appropriate. The 18 month term of imprisonment imposed by the District Court was reasonable and will be affirmed.

Finally, Hudicek and the government agree that, during the hearing, the District Court imposed a new term of supervised release of 12 months. That portion of the sentence was also reasonable. However, the District Court's written judgment states that the new term of supervised release is 24 months. That too may have been reasonable but, as the parties agree, we must vacate that portion of the order and remand to the District Court with instructions to conform its written judgment to the term of supervised release it imposed on the record during the November 27, 2006 hearing. *See United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991) ("In the circumstances we think it appropriate to indicate that we will follow the 'firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict.'") (quoting *United States v. Villano*, 816 F.2d 1448, 1450 (10th Cir. 1987)).

## III.    Conclusion

The 18 month term of imprisonment imposed by the District Court in its November 27, 2006 order will be affirmed. We will vacate the remainder of the order and remand to the District Court with instructions to conform the written judgment to the

term of 12 months supervised release stated on the record during the November 27, 2006 hearing.