UNITED STATES of America

v.

**Timothy Milton VALES, Appellant.**

No. 06–3505.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on March 10, 2008.

Filed: April 4, 2008.

---

1. Mawei does not make any argument concerning CAT relief.

Robert L. Eberhardt, Rebecca R. Haywood, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Diana L. Stavroulakis, Pittsburgh, PA, for Appellant.

Before: FUENTES, CHAGARES, and ALDISERT, Circuit Judges.

## OPINION

FUENTES, Circuit Judge:

Timothy Vales appeals from his 27–month post-*Booker* resentencing following a guilty plea for bank fraud in violation of 18 U.S.C. § 1344(1). He argues that the District Court erred by not utilizing United States Sentencing Guidelines ("Guidelines") § 5G1.3 to reduce his sentence by the same amount of time already served in state custody for violating the terms of his probation for unrelated convictions. In the alternative, Vales alleges that the District Court erred by believing that it was incapable of granting such discretionary relief. For the reasons stated below, we will affirm.[1]

## I.

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. At the time Vales pled guilty to one count of bank fraud on September 26, 2003, he was on probation for several state law offenses in Pennsylvania. The bank fraud conviction violated the terms of Vales' state probation, prompting

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

the Allegheny County Court of Common Pleas to revoke the probation and sentence him to a term of 30 months' to 6 years' imprisonment ("state sentence"). Meanwhile, Vales appealed his initial bank fraud sentence of 27 months' imprisonment and 5 years' supervised release, and we summarily remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Vales began serving the state sentence before he was resentenced in this case. At resentencing, Vales again received a 27–month prison sentence ("federal sentence"). He requested, and was denied, a reduction in the federal sentence to reflect time already served in state custody, pursuant to Guidelines § 5G1.3(b) and (c).[2] However, the District Court used its discretion to run the federal sentence concurrently with the state sentence going forward.

On appeal, Vales argues that the District Court committed legal error by not applying § 5G1.3(b) to reduce the federal sentence; he further argues that the District Court failed to recognize that such a reduction was within its discretion pursuant to § 5G1.3(c). We exercise plenary review over a district court's interpretation of the Guidelines, reviewing its factual determinations for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir.2007) (en banc). A district court's decision to impose a concurrent sentence is reviewed for an abuse of discretion. *United States v. Saintville*, 218 F.3d 246, 248 (3d Cir.2000). We review a district court's ultimate determination of a sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326–27 (3d Cir.2006).

## II.

### A.

■ Vales argues that the District Court erred in not applying Guidelines § 5G1.3(b) to backdate the federal sentence to the date he began serving the state sentence. However, § 5G1.3(b), by its own terms, only applies if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." Vales was on probation for state law convictions unrelated to his later conviction for bank fraud. His "undischarged term of imprisonment," for violating the terms of his probation, "resulted from" his state law convictions for the purposes of § 5G1.3(b). *See United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir.1991) ("[O]ur law is that if an offense is committed while a defendant is on parole, that offense is compared to the

---

**2.** The District Court used the 2002 edition of the Guidelines. Section 5G1.3, entitled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," states:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment result-

ed from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Guidelines § 5G1.3 (2002).

offense for which the defendant is on parole rather than to the acts constituting a violation of parole for purposes of 'the same transactions or occurrences' clause in guidelines § 5G1.3. By a parity of reasoning we will apply the same rule when the offense is committed by a defendant on probation." (citation omitted)); *United States v. Garcia–Hernandez,* 237 F.3d 105, 110 (2d Cir.2000) ("[W]hen a criminal defendant is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions.").

This outcome is supported by the Application Notes to § 5G1.3. Application Note 6 states that "[i]f the defendant was on ... state probation ... at the time of the instant offense, and has had such probation ... revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation...." Guidelines § 5G1.3, App. Note 6 (2002).

In sum, we conclude that the District Court did not err in refusing to apply § 5G1.3(b) to backdate Vales' federal sentence to account for the state sentence.

## B.

■ Vales also argues that the District Court erred by failing to recognize that it had the discretion to adjust the federal sentence under § 5G1.3(c). Vales asserts that if the District Court was aware that it had this discretion, it would have reduced the federal sentence because Vales had been incarcerated continuously since his arrest for bank fraud.

Contrary to Vales' contention, the District Court clearly understood its discretion under § 5G1.3(c). During the resentencing hearing, counsel for Vales argued for a concurrent sentence and stated to the District Court that it "has the legal authority under ... [§ ] 5G1.3 ... to order and fashion a sentence that runs concurrent with the state sentence." App. 62. However, the District Court replied that the sentence being served for the probation violation was a result of "other charges," App. 63, and further stated that it "will not backdate the date of the sentence as requested by the Defendant," App. 68–69. However, the District Court did exercise its discretion and impose a federal sentence concurrent with the state sentence going forward.

Therefore, we conclude that the District Court recognized, and did not abuse, its discretion under § 5G1.3(c).

## C.

■ Having addressed Vales' arguments on appeal, we further conclude that the federal sentence of 27 months' imprisonment was reasonable. The record is clear that the District Court adequately considered the sentencing considerations in 18 U.S.C. § 3553(a) and ultimately imposed a sentence at the bottom of the advisory guideline range. In particular, the District Court noted the "sheer number" of crimes Vales has committed, dating back to childhood. App. 71.

## III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.