ALD-151                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3554
_____

UNITED STATES OF AMERICA

v.

CLIFTON SAVAGE,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00600-001)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2018
Before: MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 28, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Clifton Savage appeals the District Court's denial of his motion to correct a clerical error. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will summarily affirm the judgment of the District Court.

In 2010, Savage was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922 (g)(1). On January 3, 2011, he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), to 180 months' imprisonment. In 2017, Savage filed a motion to correct a clerical error, arguing that his "release date has been gravely miscalculated" by the Bureau of Prisons because the written judgment and commitment order did not indicate when his federal sentence was to begin. He requested that the District Court clarify the judgment to indicate when the sentence was to commence "so that this error can be promptly corrected." The Government responded that, because the judgment and commitment order was silent on the matter, the federal sentence was calculated to run consecutive to a previously imposed state sentence, from which Savage was paroled on December 30, 2015. See 18 U.S.C. § 3584(a) (where a federal sentencing court's judgment is silent on whether the federal sentence was to be consecutive or concurrent, the default presumption is consecutive sentences). It argued that the motion should be denied because Savage was attempting to challenge the length of his confinement, for which 28 U.S.C. § 2241 was the proper vehicle, and for which he must first exhaust his administrative remedies. The District Court denied the motion without an opinion, and this timely appeal ensued.

As captioned, Savage's motion sought to "correct [a] clerical error." In support thereof, Savage argued that his sentence was "miscalculated" to begin "5 years after the Court imposed," and he repeatedly stated that the written judgment was in "error."[1] Although the motion was not entirely explicit, when construed liberally, it seeks to have the written judgment corrected to reflect that Savage's sentence, as imposed, was to run concurrently with his state sentence. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (stating the general rule that courts are to liberally construe pro se litigants' pleadings). Such a motion is properly construed as brought pursuant to Fed. R. Crim. P. 36, "the "clerical error" rule.[2]

A court may at any time "correct a clerical error in a judgment." Fed. R. Crim. P. 36. "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." United States v. Bennett, 423 F.3d 271, 277–78 (3d Cir. 2005) (quoting 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.02[2] (3d ed. filed through 2005)). As we have explained, "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."

---

[1] In a reply to the Government's response, filed after the District Court's order was entered denying the motion, Savage argued that the Government misconstrued his motion, and that he "is simply requesting the Court to state for the record when his sentence commenced to correct a current error."

[2] We have yet to articulate a standard of review for the denial of a Rule 36 motion in a precedential opinion. Although there is disagreement among the courts of appeal, see, e.g., United States v. Niemiec, 689 F.2d 688, 693 (7th Cir. 1982) (abuse of discretion); United States v. Dickie, 752 F.2d 1398, 1402 (9th Cir. 1985) (clearly erroneous); (United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (plenary review), we need not resolve that issue here because under any available standard we would affirm.

Id. at 278; see also United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991) (noting the "firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict") (citation omitted). We have recognized that the failure of a judgment and commitment order to reflect a clear pronouncement at oral sentencing regarding whether a federal sentence is either to be consecutive or concurrent to another sentence is a clerical error, which is within the ambit of Rule 36's power to correct. See id.

We find no evidence of a clerical error in this record. At the sentencing hearing, there was no oral argument made, nor did the District Court directly discuss whether the federal sentence should run concurrent with or consecutive to the state sentence. At the close of the hearing, the Court stated, "I'm ordering that the sentence I've just imposed be executed immediately, and you are to begin serving the sentence I imposed on you. Any recommendations as to where he should serve it?" District Ct. Docket #77, pg. 31. While the first two statements could be an indication that the federal sentence was to run concurrent with the state sentence, the question that followed could suggest that the District Court was unaware of the state sentence. At best, the sentencing transcript is ambiguous as to whether the District Court intended for the federal sentence to run concurrent with or consecutive to the state sentence. Accordingly, the judgment and commitment order's silence on the matter was not an error, and, therefore, the District Court properly denied the Rule 36 motion. Cf. United States v. Medina-Mora, 796 F.3d 698, 700 (7th Cir. 2015) ("Because the written judgment failed to capture accurately the

4

unambiguous oral pronouncement, Rule 36 allows for correction of such a clerical error at any time.").[3]

Because no "substantial question" is presented as to the denial of the "motion to correct clerical error," we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[3] We note that, to the extent the motion could have been construed as a § 2241 petition, the District Court lacked jurisdiction to consider it because Savage is confined in the District of New Jersey. See 28 U.S.C. § 2241; Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004) (holding that § 2241 petitions must be filed in district of confinement).