**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1257
_____

UNITED STATES OF AMERICA

v.

PATRICK SHAKNITZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cr-00359-001)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted on Appellant's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2023

Before: KRAUSE, PORTER and CHUNG, <u>Circuit Judges</u>

(Opinion filed: August 2, 2023)

Michelle Rotella

Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
  *Counsel for Appellee*

Robert Epstein
Federal Community Defender Office for the Eastern District
of Pennsylvania
601 Walnut Street
Suite 540 West
Philadelphia, PA 19106
  *Counsel for Appellant*

_____

OPINION

_____

**PER CURIAM**

Appellant Patrick Shaknitz ("Shaknitz") filed an unopposed Motion for Summary Remand based on our recent decision in United States v. Santos Diaz, 66 F.4th 435 (3d Cir. 2023). We will grant the Motion, vacate the sentence, and remand to the District Court for resentencing.

Shaknitz pleaded guilty to three counts of distribution and attempted distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1), (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4), (b)(1). Shaknitz was sentenced to a 170-month term of imprisonment and a five-year term of supervised release. During sentencing, the District Court orally imposed a

condition on Shaknitz's incarceration, limiting his contact with his five-year-old son to telephone only. In its written judgment, the District Court did not include its own previously-announced imposition of the condition; rather, the District Court recommended that the Bureau of Prisons ("BOP") impose the telephone-only condition. The judgment did not state that the recommendation superseded the District Court's oral pronouncement.

Shaknitz timely appealed.

The District Court's oral imposition of the telephone-only condition conflicts with this Court's holding in Diaz that a sentencing court lacks "inherent authority to impose a no-contact order during [a defendant's] incarceration term." 66 F.4th at 446. Because a District Court's oral pronouncement has controlling effect, and because it is unclear whether the judgment was intended by the District Court to replace its mandate with a recommendation, we must vacate Shaknitz's sentence. See United States v. Chamser, 952 F.2d 50, 52 n.2 (3d Cir. 1991) ("[I]n the event of a conflict between the oral pronouncement [of a sentence] and the judgment, the former … control[s]."); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Though we held in Diaz that a District Court does not have inherent authority to impose no-contact orders as a condition of a defendant's incarceration, we also noted that "a District Court has the authority to make recommendations to the BOP about [a defendant's] conditions of confinement." Diaz, 66 F.4th at 447. We reiterate here that Diaz did not disturb the authority of sentencing courts to recommend to the BOP that defendants' contact with others be

3

limited where necessary and appropriate.[1]  To the extent the District Court intended to make a recommendation to the BOP, that portion of the District Court's judgment does not contravene the holding in Diaz, and we leave to the District Court on remand whether to renew its recommendation.

For the foregoing reasons, the Motion is granted, and we will vacate the sentence and remand for resentencing by the District Court in accordance with Diaz.

---

[1] Nor does Diaz preclude any interested party from seeking a no-contact order through other appropriate processes such as protection orders.

4